# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **LESTER M. STEPP,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-04-497-P** |
| | ) | |
| **JO ANNE B. BARNHART,** | ) | |
| **Commissioner of the Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

The claimant, Lester M. Stepp, pursuant to 42 U.S.C. § 405(g), requests judicial review of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability benefits under the Social Security Act. The claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred, because the ALJ incorrectly determined he was not disabled. For the reasons discussed below, the Commissioner's decision should be REVERSED and REMANDED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only "if his physical or mental impairment or impairments are of such severity that he

is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national economy . . ." *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Sec'y*

---

[1]    Step one requires claimant to establish he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that claimant establish he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. *See id*. §§ 404.1521, 416.921. If claimant is engaged in substantial gainful activity (step one) or if claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity (RFC) to perform his past relevant work. If claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which claimant–taking into account his age, education, work experience, and RFC–can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

*of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born April 29, 1954, and was 49 years old at the time of the ALJ's decision. He has a seventh grade education. The claimant previously worked as a wood cutter, farm laborer, and heating and air-conditioning installer. The claimant alleges he has been unable to work since September 15, 1997, because of chronic obstructive pulmonary disease (COPD), emphysema, heart disease, osteoarthritis, and an injury to his left hand.

## Procedural History

On July 15, 2002, the claimant applied for Disability Insurance Benefits and Supplemental Security Income. This application was denied initially and upon reconsideration. On November 12, 2003, the claimant testified at a hearing in Muskogee, Oklahoma, before Administrative Law Judge ("ALJ") Lance McClain, where he was represented by attorney Bret Smith. On March 22, 2004, the ALJ issued a decision denying benefits. The Appeals Council denied the claimant's subsequent request for review on September 18, 2004. Accordingly, the administrative action is final in this case. 20 C.F.R. § 404.981.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that

the claimant had the residual functional capacity ("RFC") to walk at least six hours during an eight-hour workday, sit at least six hours during an eight-hour workday, and lift up to twenty pounds occasionally and up to ten pounds frequently. The ALJ also found that the claimant would be limited to no more than occasional stooping, that he would be able to use his hands as in his air-conditioning laborer job, that he would need to work near an ambulance service or hospital, and that he would need to avoid concentrated exposure to fumes such as tobacco, smoke or dust. The ALJ concluded that although the claimant could not return to any past relevant work, he was not disabled because he could perform other jobs existing in sufficient numbers in the national and regional economies, *e. g.*, sorter, arcade attendant, and miscellaneous laborer.

**Review**

The claimant asserts the ALJ erred: (i) by failing to fully develop the record as to the claimant's hand impairments; (ii) by failing to include any impairments relating to fingering or handling in the claimant's RFC; and, (iii) by failing to explain his reliance on vocational testimony contrary to the DOT. Because the undersigned Magistrate Judge finds that the ALJ failed to properly develop the record as to the claimant's hand impairment, the remaining contentions need not be addressed at this time.

The claimant indicated in his application for benefits that he was shot in his left hand in 1979 and underwent three surgeries, the last of which was a reconstructive surgery in 1993. (Tr. 68). As a result, he lost one finger and has difficulty gripping or lifting, and he periodically suffers severe swelling. (Tr. 82). The claimant was given a Social Security

Disability Evaluation by Dr. Beau C. Jennings, D.O. on November 6, 2002. (Tr.158-162). Dr. Jennings noted that the claimant had one amputated finger, that his left middle finger was shorter and smaller than the others, and that he complained that his left hand was "often numb." (Tr. 158). Dr. Jennings also noted that the claimant had "good grip strength bilaterally," that "[h]e touches his fingers to his thumbs," and that his "[p]ulses are good." (Tr. 159). He did not, however, otherwise discuss the extent of impairment in the use of the claimant's left hand.

Other than Dr. Jennings' evaluation, there were no medical records related the claimant's hand impairment. At the beginning of the hearing, the ALJ inquired about this, but was told by the claimant's attorney that "we just don't – we knew we had the problems, didn't have the {inaudibible}, health insurance money, what have you to go get tested or checked out, didn't really know what to do." This led the ALJ to surmise that the reason for the lack of the medical records was that the claimant wasn't "going to the doctor and his records don't exist." The claimant's attorney responded, "[t]hat's the way I understand it. Is that correct, Mr. Stepp? In other words, it's not that we didn't bring your [the claimant's] records. We brought them all that we do have." (Tr. 227).

Nevertheless, the claimant contends that it was the ALJ who erred in failing to properly develop the record as to his hand impairment. Specifically, the claimant asserts that the ALJ should have at least questioned him about his ability to use his left hand, *e. g.*, to determine whether he could perform fingering or handling. The Commissioner, on the other hand (no pun intended), argues there was no error because the claimant was represented by

counsel and given ample opportunity at the hearing to provide information as to his hand

limitations.  Unfortunately, this argument ignores the well-established principle that it is the

ALJ's duty to develop the record, even if the claimant is represented by counsel.  *See, e. g.,*

*Hawkins v. Chater,* 113 F.3d 1162, 1168 (10th Cir. 1997) ("[T]he ALJ must develop the

record 'consistent with the issues raised,' even when a claimant is represented by counsel."),

*quoting Henrie v. HHS,* 13 F.3d 359, 360-61 (10th Cir. 1993) ("The ALJ has a basic

obligation in every social security case to ensure that an adequate record is developed during

the disability hearing consistent with the issues raised.  This is true despite the presence of

counsel[.]") [citation omitted].  *See also Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th

Cir. 1992).

It is obvious from the photographs submitted to the Appeals Council that the claimant

suffered a significant injury to his left hand. (Tr. 217-218).  The claimant called this to the

ALJ's attention, both in his application for benefits and at the hearing.  Nevertheless, the ALJ

asked no questions about the claimant's hand other than how he injured it and when.  For his

part, the claimant's attorney focused his questions on the claimant's shortness of breath and

fatigue.  The claimant was never questioned about the degree of any impairment to his left

hand, *e. g.*, whether he could perform fine manipulation, fingering or even general handling.

As alluded to above, a Social Security disability hearing is a "nonadversarial

proceeding, in which the ALJ has a basic duty of inquiry." *Thompson v. Sullivan*, 987 F.2d

1482, 1492 (10th Cir. 1993), *citing Cascias,* 933 F.2d at 801, *quoting Dixon v. Heckler,* 811

F.2d 506, 510 (10th Cir. 1987).  The ALJ must "ascertain (1) the nature of a claimant's

alleged impairments, (2) what on-going treatment and medication the claimant is receiving, and (3) the impact of the alleged impairment on the claimant's daily routine and activities." *Thompson*, 987 F.2d at 1492. While "[t]he ALJ does not have to exhaust every possible line of inquiry in an attempt to pursue every potential line of questioning[,]" Hawkins, 113 F.3d at 1168, *citing Glass v. Shalala,* 43 F.3d 1392, 1396 (10th Cir. 1994), "the ALJ has a basic duty of inquiry to fully and fairly develop the record as to material issues. *Baca v. Department of HHS,* 5 F.3d 476, 479-80 (10th Cir.1993), *citing, inter alia,* 42 U.S.C. § 423(d)(5)(B) ("In making any determination the Commissioner of Social Security shall make every reasonable effort to obtain from the individual's treating physician (or other treating health care provider) all medical evidence, including diagnostic tests, necessary in order to properly make such determination, prior to evaluating medical evidence obtained from any other source on a consultative basis.").

Here, the ALJ wholly failed to fulfill his duty of inquiry as to the claimant's left hand impairment. This may have been a conscious decision by the ALJ as part of his step four analysis, *i. e.*, because the claimant had worked with his hands at several jobs *after* his injury, the ALJ concluded that he could continue to do so. (Tr. 26). But the ALJ did not ask the claimant, for example, if his condition had worsened to the point that he could no longer use his hand to do the work of air conditioning laborer, which the ALJ found he could do. (Tr. 26). In any event, such result-oriented reasoning is no substitute for a proper analysis of the claimant's degree of impairment, and the decision of the Commission must therefore be reversed. On remand the ALJ must: (i) fully develop the record as to the degree of

impairment to the claimant's left hand; (ii) determine the claimant's RFC in accordance with the degree of impairment found; and, (iii) determine what work, if any, the claimant can perform with his RFC.

## Conclusion

The undersigned Magistrate Judge finds that the ALJ failed to fully develop the medical record as to the claimant's left hand impairment, and that the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner of the Social Security Administration be REVERSED and REMANDED. Parties are herewith given ten (10) days from the date of this service to file with the Court Clerk any objections with supporting brief. Failure to object to the Report and Recommendation within ten (10) days will preclude appellate review of the judgment of the District Court based on such findings.

**DATED** this ___10th___ day of March, 2006.

 

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**